IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
                              Plaintiff,

vs.                                                    No. CR 09-3207 JB

DAVID AGUILAR,
                              Defendant.

### DEFENDANT DAVID AGUILAR'S MOTION FOR DISCLOSURE
### OF IDENTITY OF CONFIDENTIAL INFORMANT

COMES NOW, David Aguilar, by and through his counsel of record, Erlinda O.

Johnson, Esq., and hereby respectfully moves this Court, pursuant to *Kyles v. Whitley*,

115 S.Ct. 1555 (1995), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*,

405 U.S. 150 (1972) and the authorities set forth in this memorandum of law, for an

Order requiring the Government to produce any informant(s) to the defense for interview

and to provide the following information and documents regarding the informants/co-

defendant utilized by the government or state and local law enforcement agencies in this

case:

A.      The name and address of the confidential informant used in this case;

B.      The case number and name of the prosecutions in which the informant(s)

utilized in this case have previously been utilized as confidential informants or

informants;

C.      The case names and numbers of any trials or evidentiary hearings at which

the informant has testified concerning: (1) his or her own prior criminal activity; (2)

payments or rewards provided to him or her by the government or his or her handlers;

and (3) efforts made to induce others to participate in criminal activity or other purported law enforcement related matters.

D.    Any ledger, sheet, or other document which details the sums paid the confidential informant[s] or their families in this and other cases in which this informant[s] assisted the government, and the purpose of each such payment.

E.    Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding the promises of immunity, leniency, preferential treatment or other inducements made to the informant[s], or to any other family members, friends, or associates of the informants, in exchange for the informants' cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing or deportation, or promises or expectancies regarding payments for expenses or testimony or eligibility for any reward or award.

F.    Information or records concerning the notification of potential prosecution, investigation or deportation made by the government or any other law enforcement offices to the informant[s] or any members of the informant[s]' family.

G.    Any report, document or information which details the criminal activities of the confidential informant[s] which were undertaken by him or her without the authority or approval of the government or other law enforcement officials, but for which the government or other law enforcement officials have elected, formally or informally not to prosecute.

H.    FBI rap sheet, NCIC print-out and any other records available to the government or other law enforcement offices reflecting the arrest and conviction history

of the informant[s].  This includes but is not limited to arrests and convictions of this informant[s] by state and federal law enforcement authorities.

I.       Information concerning the prior misconduct by the confidential informant[s] in the performance of his or her role as an informant, including any prior refusal of the informant to testify for or assist the government or state; any prior allegation that the informant entrapped another person to commit an offense or made false statements in connection with a criminal investigation; and any prior "blackballing" of the informant by any law enforcement agency.

J.       Information concerning misconduct by the informants other than in his or her role as an informant, including misconduct that reflects on the lack of candor, truthfulness or law abiding character of the informant, such as uncharged criminal conduct, fraud or dishonest and untruthful acts.

K.      Information reflecting the nature and extent of assets obtained by the informant[s] in connection with their illegal activities over the past ten years.

L.       Any "personnel files" maintained by the government or other law enforcement offices relating to the confidential informant[s] utilized in this case, reflecting on his or her character for truthfulness and lawfulness.

M.      Any government agency files or other information revealing matters relevant to the confidential informant[s]' credibility, mental or physical health, or narcotic or alcohol use or other dependency.

As grounds, defendant submits the following memorandum brief:

# INTRODUCTION

In October 2009, officers with The Middle Rio Grande Valley Narcotics Task Force ("task force") initiated an investigation into allegations of narcotics trafficking by Anthony Mirabal. According to task force officers, a confidential informant advised them that Mr. Mirabal was engaged in cocaine trafficking. Officers utilized the confidential informant (CI) to set up a purchase of approximately two kilograms of cocaine, from Mr. Mirabal.

On October 15, 2009, a confidential informant met with Mr. Mirabal in order to consummate the sale of the two kilograms of cocaine. The informant was present at all times during the drug transaction. In fact, the deal allegedly occurred inside the informant's home. Also, present in the home and during the time Mr. Mirabal met with the CI were co-defendants David Aguilar and Kevin Garner.

# ARGUMENT

A. **Informant's Identity**

When an informant is a "participant in and a material witness to" the alleged criminal transaction, the disclosure of his/her identity is required. *Roviaro v. United States*, 353 U.S. 53, 65 (1957). The *Roviaro* standard for disclosure of confidential informant[s] who play an active rather than passive role in the investigation is not a "fixed rule", instead, the district court must take into "consideration; (1) the crime charged, (2) the possible defenses, (3) the possible significance of the informer's testimony, and (4) other relevant factors." *Id.* at 62.

In *Roviaro*, the informant "helped to set up the criminal occurrence and had played a prominent part in it...[h]is testimony might have disclosed entrapment." *Id.* at

64.  The desirability of calling [the informant] as a witness or at least interviewing him in advance of trial, is a matter for the accused rather than the government to decide.  *Id.* The circumstances of the instant case are similar to the facts of *Roviaro*.   The informant here "is the only witness in a position to amplify or contradict the testimony of government witnesses."  *Id.* at 64.  Consequently, *Roviaro*, mandates the informants' identity must be revealed.

"[T]he informer's level of involvement with the criminal activity is an important consideration...The more active the participation the greater need for identification." *United States v. Ayala*, 643 F.2d 244, 246 (5th Cir. 1981); *see also United States v. Moralez*, 908 F.2d 565, 568 (10th Cir. 1990) ("where the informant has played a crucial role in the alleged criminal transaction, disclosure and production of the informant are required to ensure a fair trial."); *United States v. Foster*, 986 F.2d 541, 543 (C.A.D.C. 1993) ("The more important the witness to the government the more important the Defendant's right, derived from the Confrontation Clause of the Sixth Amendment to cross-examine the witness.").

Blocking access to an informant who was central to an undercover operation would justify the granting of a new trial.  *United States v. Espinosa-Hernandez*, 918 F.2d 911, 913-14 (11th Cir. 1990).

In this case, the informant was present for all alleged meetings and transactions in this case.  The informant arranged the alleged sale and  transportation of the alleged cocaine.  The informant was, at crucial times throughout the alleged offense, the only "agent" who allegedly met and spoke with Mr. Mirabal in order to set up the drug deal.

The informant is an essential witnesses for the prosecution if for no other reason than the government is relying on him to identify Mr. Mirabal as a participant in this offense.

In sum, the informant is an integral component of the investigation and an active participant in the events in this case. He is an eye witnesses who possesses information that bear directly on the defense of the instant case. Pursuant to *Roviaro*, the identity of this informant should be disclosed because he is "the only witness in a position to amplify or contradict the testimony of the government witnesses." *Id.*

B. **Prior Utilization of and Testimony by Informants**

Information regarding the prior utilization of the informant is material and favorable within the terms of *Brady v. Maryland*, 373 U.S. 83 (1963), where it reveals the informant's modus operandi in setting up criminal transactions and in inducing other persons to participate in criminal activity. *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975). Experience has shown that where an informant utilizes undue persuasion in one case to induce an individual to participate in a criminal offense, he is likely to use the same tactic in other cases. *United States v. McClure*, 546 F.2d 670, 673 (5th Cir. 1977).

In *McClure*, the conviction was reversed due to the trial court's exclusion of Federal Rule of Evidence 404(b) material "of a systematic campaign" by the informant to induce other persons to engage in illegal activity. Id. at 672. Evidence of an informant's offering the defendant an inducement to commit the offense is evidence that directly substantiates an entrapment defense. The Supreme Court in *Mathews v. United States*, 485 U.S. 58 (1988) reaffirmed the traditional entrapment defense and held that the defendant may proceed with such a defense exclusively or in the alternative.

Mr. Aguilar requests evidence, such as evidence of inducements. In *McClure*, the Court held, "in the case before us it was the defendant who sought to introduce evidence of the informant's scheme. His right to present a vigorous defense required the admission of the proffered testimony." *Id.* at 673.

Such evidence also is discoverable pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), to aid in the impeachment of a witness. *See also United States v. Buchanan*, 891 F.2d 1436, 1443 (10th Cir. 1989)("impeachment is integral to a defendant's constitutional right to cross-examination, there exists no pat distinction between impeachment and exculpatory evidence under *Brady*."). Similarly, the prior testimony of an informant on themes material to his service as an informant should be disclosed where the defense proposes to examine the informant as to those themes at trial. *Johnson v. Brewer*, 521 F.2d at 563. In *United States v. Cohen*, 888 F.2d 770, 776-77 (11th Cir. 1989), the Court recognized the importance of such evidence, and reversed the conviction where the trial court had excluded evidence offered under Rule 404(b) that the primary informant had previously concocted and managed a fraudulent scheme. *See also Ballinger v. Kerby*, 3 F.3d 1371, 1376 (10th Cir. 1993)(district court's grant of a habeas petition affirmed where the prosecution failed to disclose material evidence that would have impeached its primary witness).

C. **Preferential Treatment Given and Threats Made to Informant, Including Monies Paid and Promises of Financial Reward.**

Mr. Aguilar requests a full record of the monies paid to the informant and his family as a result of his or her cooperation in this case as well as any other case in which this informant has provided services. Such detailed information and records are needed

to avoid disputes regarding the nature and extent of payments made to the informant and are discoverable pursuant to *Giglio*.

Mr. Aguilar further seeks information as to threats or promises made to the informant or his family to motivate his cooperation. Such *Giglio* material is discoverable to allow defense counsel to establish the bias or hostility of the informant in creating the circumstances in the instant case. It is proper impeachment to question a cooperating witness about the dropping of charges against that person or other preferential treatment given to his or her family. *United States v. Bagley*, 473 U.S. 667 (1985); *see also*, 28 U.S.C. §524(a)(1). The threats/benefits evaluation is not limited to the informant alone. *United States v. Buchanan*, 891 F.2d 1436, 1443-44 (10th Cir. 1989); *United States v. Partin*, 493 F.2d 750, 757 (5th Cir. 1974).

Similarly, unconsummated promises of financial or other awards or benefits are discoverable as to the informant. Thus, where the informant harbors an expectation of a future financial award for his services in obtaining a conviction, such evidence is crucially important to the defense. *United States v. Reid*, 911 F.2d 1456, 1460 (10th Cir. 1990); *Williamson v. United States*, 311 F.2d 411 (5th Cir. 1962)(conviction reversed where informant witness' recovery of an award was contingent on defendant's conviction). Furthermore, the full details of any government inducements offered to a witness including his or her entire history of compensation are discoverable and admissible at trial. *United States v. Williams*, 954 F.2d 668, 671 (11th Cir. 1992). In *Williams*, the court held that the "jury has a right to know what may be motivating a witness" even if "the amount [of money] paid an informant is felt by the government to be too prejudicial." *Id.* at 672.

Mr. Aguilar seeks the disclosure of any promise, formal or informal, that would lead the informant to have an expectation of award in the instant case.

D. **Informants' Arrest and Conviction Record, Unauthorized Criminal Activity and Other Misconduct.**

An informant's history of criminal activity and other misconduct is relevant to consideration of his credibility, bias, motive and modus operandi. *United States v. Page*, 808 F.2d 723, 730 (10th Cir. 1987). The informant's history and pattern of criminal activity and misconduct serve to illustrate the methods normally employed by the informant to achieve his goals. Such evidence "might easily extend beyond that of mere impeachment." *United States v. Espinosa-Hernandez*, 918 F.2d 911. 914 (11th Cir. 1990). In *Espinosa-Hernandez*, the Court reversed the district court's failure to grant full discovery as to an undercover agent's misconduct relating to the handling of informants. *See also Haber v. Wainwright*, 756 F.2d 1520 (11th Cir. 1985)(prior criminal conduct relevant where witness may have been promised immunity).

Along the same line the courts have held discoverable and highly relevant information regarding prior or contemporaneous perjury or bizarre testimony of an informant, *United States v. Mesarosh*, 352 U.S. 1 (1956), and other evidence of the unreliability of an informant witness. Where an informant witness' prior presentence investigation report is in the possession of the government, disclosure should be ordered. *United States v. DeVore*, 839 F.2d 1330, 1332-33 (8th Cir. 1988)(release to defendant of portion of presentence report containing co-defendant's version of robbery was appropriate); *United States v. Anderson*, 724 F.2d 596, 598 (7th Cir. 1984)(upon request

court should make an in camera review and reveal to defendant portions of the report that could contain impeaching material).

E. **Personnel Files Reflecting Informants' Bad Character**

In *United States v. Deutsch*, 475 F.2d 55, 58 (5th Cir. 1973), the court compelled disclosure of a postal employee's personnel file where evidence failed to negate indications that the employee, who had acted in the role of an informant, may have had disciplinary problems. *See also*, *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991); *United States v. Henthorn*, 921 F.2d 29 (9th Cir. 1991); *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 436 (10th Cir. 1981)("[w]hen the only prosecution witnesses are the police officers involved, anything that goes to their credibility may be exculpatory). Similarly, in *United States v. Garrett*, 542 F.2d 23, 26 (6th Cir. 1976), the court reversed the defendant's conviction where the district court foreclosed discovery and cross-examination as to an undercover agent's disciplinary records relating to his use of narcotics and failure to submit to an urinalysis. The court noted that such evidence was relevant because the undercover agent "might well have looked upon a successful prosecution of [the defendant] as a means of having his [own] suspicion [from duty] lifted." *Id.*

F. **Information Reflecting Informant's Credibility, Mental Health, Drug Use and Other Dependency.**

Information relating to a potential witness' credibility is discoverable and material to the defense. *See United States v. Piccinonna*, 885 F.2d 1529 (11th Cir. 1989). Particularly relevant is evidence that such an individual is undergoing psychiatric

treatment, *United States v. Pryce*, 938 F.2d 1343, 1346 (D.C. Cir. 1991); *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); *Greene v. Wainwright*, 634 F.2d 272, 276 (5th Cir. 1981)(abuse of discretion to prohibit cross-examination into recent mental illness "within same general time period" as the crime), is otherwise emotionally or physically impaired, *Partin*, 493 F.2d at 762, or is addicted to or abuses drugs or alcohol. *United States v. Gentry*, 839 F.2d 1065 (5th Cir. 1988), *rehearing denied*, 844 F.2d 788 (1988); *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972); *Wilson v. United States*, 232 U.S. 563 (1914).

G. **Assets Obtained by Informant Through Criminal Activity**.

The discovery of assets obtained by the informant through the criminal activity is sought as verification of the extent of the informant's prior criminal activity and his motive to protect such assets from future forfeiture.

Wherefore, for the foregoing reasons, Mr. Aguilar respectfully requests this Court order the government to produce the identity of the confidential informant and the related information as outlined above.

Respectfully Submitted,

   electronically filed 1/18/10
Erlinda O. Johnson
Attorney for David Aguilar
1011 Lomas N.W.
Albuquerque, N.M. 87102
(505) 792-4048

I hereby certify that a true and correct
Copy of the foregoing was provided

To counsel for the government, via CM/ECF
This  18th day of January, 2010.


_____
Erlinda O. Johnson
Attorney at Law