IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                        No. CR 09-3207 JB

DAVID AGUILAR,

    Defendant.

## **DEFENDANT DAVID AGUILAR'S**
## **MOTION FOR A SEVERANCE**

    COMES NOW Defendant, David Aguilar, by and through his counsel of record Erlinda O. Johnson, and pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rule 14 of the Federal Rules of Criminal Procedure, respectfully requests that this Honorable Court sever Mr. Aguilar's trial from the trial of his co-Defendants, Anthony Mirabal and Kevin Garner. In support of this Motion counsel for Mr. Aguilar submits the following:

    1.    On November 4, 2009 2009, Mr. Aguilar and co-defendants, Anthony Mirabal and Kevin Garner, was indicted for possession with intent to distribute more than 500 grams of cocaine, carrying a firearm in relation to a drug trafficking crime and conspiracy to possess with the intent to distribute more than 500 grams of cocaine.

    2.    The indictment stems from an October 15, 2009, arrest which involved the sale of approximately two kilograms of cocaine to an informant and an undercover officer.

3. The evidence against Mr. Aguilar consists of his presence at a home where a narcotics transaction was taking place and of his flight from the home when officers stormed the home to arrest the individuals.

**Argument**

Rule 8(b) of the Federal Rules of Criminal Procedure states that two or more defendants may be charged in the same indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Supreme Court has made clear that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1992). Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* (citation omitted). Accordingly, "[c]ourts generally adhere to the principle that 'those indicted together, especially co-conspirators, should be tried together.'" *United States v. Peveto*, 881 F.2d 844, 857 n.16 (10th Cir.) (citation omitted), *cert. denied sub nom.*, *Hines v. United States*, 493 U.S. 943 (1989).

Rule 14(a) of the Federal Rules of Criminal Procedure, however, recognizes that joinder, even where proper under Rule 8(b), may be prejudicial. Thus, Rule 14(a) provides for relief from prejudicial joinder as follows:

> If the joinder of offenses or defendants in an indictment, an information or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Under Rule 14, the decision whether to grant a motion to sever is within the trial court's sound discretion. *See United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994). In making its determination, the trial court must weigh the potential prejudice to the defendant against considerations of judicial economy and efficiency. *See id.* "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39.

In *Zafiro*, the Supreme Court held that severance should be granted under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a case and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. *Id.* (citations omitted).

A severance of defendants may also be granted in cases where there is great disparity in the evidence against co-defendants. See *United States v. Gaines*, 563 F.2d 1352, 1355 (10th Cir. 1977). The need to sever turns on whether the jury can

"compartmentalize the disparate evidence with regard to each defendant" and judge each defendant individually. *United States v. Haworth*, 168 F.R.D. 658, 659 (D.N.M. 1996) (quoting *United States v. Sampol*, 636 F.2d 621, 647 (D.C. Cir. 1980)).

When the evidence against one co-defendant is *de minimis* compared to evidence against other defendants, a severance is warranted. *United States v. Mardian*, 546 F.2d 973 (D.C. Cir. 1976); *United States v. Sampol,* 636 F.2d 621 (1980). Thus, the court may order separate trials of counts or grant a severance of defendants if it appears that a party will be prejudiced by a joinder. *United States v. Kelley*, 635 F.2d 778, 780-81 (10th Cir. 1980) (citing Fed. R. Crim. P. 12). To determine whether severance is appropriate, the court "must carefully weigh the possible prejudice to the accused against the often equally compelling interests of the judicial process…." *Kelley*, 636 F.2d at 781.

Mr. Aguilar asserts that the vast breadth of admissible evidence in this case involves the co-defendant and which bear no indication he had knowledge of the narcotics. The need to sever turns on whether the jury can "compartmentalize the disparate evidence with regard to each defendant," *Gaines*, 563 F.2d at 1355, which is not likely in a trial in which the evidence is so eschewed against one defendant that the jury would find it difficult to separate the evidence against Mr. Aguilar from the evidence against Mr. Mirabal. See *generally Sampol*, 636 F.2d at 645 (recognizing that the "'dangers of transference of guilt' are such that a court should use 'every safeguard to individualize each defendant in his relationship to the mass'" (quoting *Kotteakos v. United States*, 328 U.S. 750, 773 (1946)).

Defendant David Aguilar respectfully requests that this Court grant a severance

from his co-defendants in this case based upon the disparity of evidence the government possesses as to his codefendants in this case.

WHEREFORE, for the foregoing reasons David Aguilar's trial should be severed from that of codefendants. If a joint trial occurs between Mr. Aguilar and his co-defendants, Mr. Aguilar will suffer irreparable prejudice, and it will not be possible for him to receive a fair trial.

Respectfully Submitted,

__electronically filed 2/4/10_____
Erlinda O. Johnson
Attorney for David Aguilar
1011 Lomas N.W.
Albuquerque, N.M. 87102
(505) 792-4048

I hereby certify that a true and correct
Copy of the foregoing was provided
To counsel for the government, via CM/ECF
This 4th day of February, 2010.

_____/s/_____
Erlinda O. Johnson
Attorney at Law