IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,
                Plaintiff,

vs.                              No. CR 09-3207 JB

DAVID AGUILAR,
                Defendant.


## **DEFENDANT DAVID AGUILAR'S REQUESTED JURY INSTRUCTIONS**

    Defendant, David Aguilar, by and through his counsel of record, Erlinda O. Johnson, Esq., hereby submits the attached proposed jury instructions for use at trial in this matter.


                                                  Respectfully Submitted,

                                                  <u>Electronically filed on 6/2/10</u>
                                                  Erlinda O. Johnson
                                                  Attorney for David Aguilar
                                                  1011 Lomas N.W.
                                                  Albuquerque, N.M. 87102
                                                  (505) 792-4048

I hereby certify that a true
and correct copy of the foregoing
was e-mailed to AUSA John Anderson
on this _2nd_ day of June, 2010.

<u>Electronically filed on 6/2/10</u>
Erlinda O. Johnson
Attorney at Law

# DEFENDANT'S REQUESTED INSTRUCTION NO. 1

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

10th Circuit Criminal pattern Jury Instruction, **1.08**

DEFENDANT'S REQUESTED INSTRUCTION NO. 2

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

10th Circuit Criminal pattern Jury Instruction, 1.08.1

DEFENDANT'S REQUESTED INSTRUCTION NO. 3

The defendant has offered evidence in the form of reputation for honesty and integrity. You should consider such evidence along with all the other evidence in the case.

Evidence in the form of reputation for honesty and integrity may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of honesty and integrity would commit such a crime. Evidence in the form of reputation of a defendant's honesty and integrity may be inconsistent with those traits of character ordinarily involved in the commission of the crime charged, and may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

10th Circuit Criminal pattern Jury Instruction, 1.09.1

DEFENDANT'S REQUESTED INSTRUCTION NO. 4

You have heard the testimony of _____. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

10th Circuit Criminal pattern Jury Instruction, 1.10

DEFENDANT'S REQUESTED INSTRUCTION NO. 5

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

10th Circuit Criminal pattern Jury Instruction, 1.19

DEFENDANT'S REQUESTED INSTRUCTION NO. 6

[The defendant has offered evidence of his reputation for good character.] [The defendant has offered evidence of someone's opinion as to his good character.] You should consider such evidence along with all the other evidence in the case. Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt. You should also consider any evidence offered to rebut the evidence offered by the defendant. You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

10th Circuit Criminal pattern Jury Instruction, 1.09

DEFENDANT'S REQEUSTED INSTRUCTION NO. 7

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony of an informant alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness. You must determine whether the informant's testimony has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against the defendant.

You should not convict a defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony beyond a reasonable doubt.

10th Circuit Criminal pattern Jury Instruction, 1.14 (modified)

DEFENDANT'S REQEUSTED INSTRUCTION NO. 8

[During the trial you heard the testimony of _____ who expressed opinions concerning _____.] In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

10th Circuit Criminal pattern Jury Instruction, 1.17

# DEFENDANT'S REQEUSTED INSTRUCTION NO. 9

The government must prove, beyond a reasonable doubt, that the offense(s) charged in this case was actually committed and that it was the defendant who committed it. Thus, the identification of the defendant as the person who committed the offense(s) charged is a necessary and important part of the government's case. You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness. You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offense(s) charged? You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

Is the testimony about an identification made after the commission of the crime(s) the product of the witness's own recollection? In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the crime(s) and the witness's subsequent identification. If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of the defendant as the person who committed the offense(s) charged, you must find the defendant not guilty.

10th Circuit Criminal pattern Jury Instruction, 1.29

DEFENDANT'S REQUESTED INSTRUCTION NO. 10

Counts 2 and 3 of the indictment also charge a violation of 18 U.S.C. Section 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: someone else committed the charged crime, and

*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

10th Circuit Criminal pattern Jury Instruction, 2.06

# DEFENDANT'S REQUESTED INSTRUCTION NO. 11

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

<u>10th Circuit Criminal pattern Jury Instruction</u>, 1.05

DEFENDANT'S REQUESTED INSTRUCTION NO. 12

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

A defendant has joint possession of an object when two or more persons share actual or constructive possession of it. However, merely being present with others who have possession of the object does not constitute possession.

Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between the particular defendant and the controlled substance.

In addition, momentary or transitory control of an object is not possession. You should not find that the defendant possessed the object if he possessed it only momentarily, or did not know that he possessed it.

10th Circuit Criminal pattern Jury Instruction, 1.31 (modified)

DEFENDANT'S REQUESTED INSTRUCTION NO. 13

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

10th Circuit Criminal pattern Jury Instruction, 1.37 (modified)