IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
                    Plaintiff,

vs.                                      No. CR 09-3207 JB

DAVID AGUILAR,
                    Defendant.

## DEFENDANT DAVID AGUILAR'S
## PROPOSED *VOIR DIRE*

Defendant David Aguilar, through his attorney of record, Erlinda O. Johnson, Esq., moves this Court to permit his attorney to conduct voir dire examination in this case, and submits the following proposed voir dire examination. The proposed questions are necessarily general. Follow-up questions are essential in each area, depending upon the answers provided, and defense counsel should be permitted to conduct follow-up voir dire examination.

I. **Introduction**

Mr. Aguilar is charged with conspiracy to possess with the intent to distribute 500 grams or more of cocaine, possession with intent to distribute 500 grams or more of cocaine and possession of a firearm in relation to a drug trafficking crime.

1. Do any of you or your immediate relatives work in law enforcement? For affirmative responses,

    a. If yes, where and in what capacity?

    b. Do you ever discuss your work or your relative's work and what

conversations do you have?

2. Law enforcement and officers will testify in this case. Because these witnesses work in law enforcement, will you be inclined to give that person's testimony more weight because he or she works in law enforcement.

3. Does anyone think that because a person is in law enforcement, that his or her testimony is more credible than someone who is not employed in law enforcement? If so, why?

4. Has anyone served on a jury before?

a. When?

b. Where?

c. Was it a criminal or civil trial?

d. Did you reach a verdict?

e. Did you serve as a foreperson?

f. What effects did your service as a juror help on your ideas concerning defendants in criminal trials?

g. Did the defendant in that case testify? How did you feel about that?

h. How did you feel about your service as a juror? Do you think you would like to be a juror again? Why?

I. Was there anything about your service as a juror which would affect your ability to sit on a jury in this case?

5. The Indictment alleges an amount of cocaine which Mr. Aguilar was allegedly conspiring to possess and possession of a firearm in relation to a drug trafficking offense. Is there is anything about the charges of conspiracy to possess with

the intent to distribute and possession of a firearm in relation to a drug trafficking crime which makes you uncomfortable sitting as juror in this case?

6. Have any of you personally had experience or have family members or friends had experience with cocaine in a way which may affect your ability to provide Mr. Aguilar a fair trial?

7. Have you or family members have experiences with illegal drugs which would compromise your ability to sit as a juror in this case?

8. How do you feel about people who are accused of selling or buying drugs?

9. Have you ever known anyone with a drug problem? If yes, please tell us about that person.

10. Have you ever worked or volunteered your services to any organization which treats people with drug problems? If yes, please tell us about that.

11. Have you ever known anyone who has become ill or died as the result of drug problems? If yes and it is not too personal, would you share that with us?

12. I am concerned that because drugs are such a big concern for many people, some jurors will start believing that Mr. Aguilar is guilty of the charges. What is your reaction to my concern?

13. When you think of a drug dealer, what is the first thing that comes to mind?

14. Describe to me what you believe a drug dealer looks like?

15. Have you ever been falsely accused of something?

16. Have you ever jumped to a conclusion about something and later found out you were wrong? If yes, please give an example.

17. Have you, any family member or close friend ever been falsely accused of a crime?

18. Have you ever accused someone of doing something that they did not do? If yes, would you share that with us?

19. Is there anyone who believes that because a person associates with someone involved in drug trafficking, that person must also be involved in drug trafficking?

20. Are any of you involved with the organizations which support or involve or were involved with law enforcement, such as, for example MAD, NORML, SADD or Crime Stoppers?

21. You understand that under the Fifth Amendment, a defendant is not required to take the witness stand. How would you feel if Mr. Aguilar did not testify? Would you feel that he was trying to hide something? Would you feel that he must be guilty or else he would want to explain himself? Would you give more weight to the evidence against him and more likely to convict him if he did not take the stand?

22. Why do you think that he or his attorney would choose for him not to testify?

23. have you ever been in a situation where you chose not to speak, though given the opportunity to do so? What stopped you?

24. As the Court has instructed you, the burden is on the prosecution to prove beyond a reasonable doubt that Mr. Aguilar is guilty; it is not for the defense to prove that Mr. Aguilar is innocent.

25. Do any of you have any problem with that fundamental principle of criminal law?

26. Do you think that it is important to uphold the law that a person is innocent until proven guilty beyond a reasonable doubt?

27. During this trial the government will present evidence. It is your job as jurors and the fact finders, to determine what parts of that evidence are facts and whether those facts prove the government's charge beyond a reasonable doubt.

28. If you heard the evidence and felt Mr. Aguilar could be guilty, but you were not convinced beyond a reasonable doubt, is there anyone who could NOT return a verdict of not guilty?

29. Would any of you worry that you had not done your duty as a juror, if you voted Not Guilty because the evidence did not prove the government's case beyond a reasonable doubt?

30. Would any of you hesitate to vote Not Guilty if you found there was not enough evidence to convict, particularly those who feel so strongly about drug control?

**Use/Testimony of Cooperators**

31. In this case, you will hear testimony from an individual who arranged a drug transaction with Mr. Anthony Mirabal. That individual agreed to cooperate with the government and may be testifying.

32. Do any of you believe that someone should be convicted based on the testimony of someone who has agreed to cooperate with the government in exchange for leniency in sentence or money?

33. Do any of you have strong opinions regarding law enforcement investigations that involve the use of individuals involved in the drug trade who cooperate with the government in exchange for some benefit.

34. Do any of you have strong opinions regarding cooperator or "snitch" testimony in a case?

35. Do you have strong opinions about informants who cooperate with law enforcement in exchange for money?

Respectfully Submitted,

Electronically filed on 6/2/10
Erlinda O. Johnson
Attorney for David Aguilar
1011 Lomas N.W.
Albuquerque, N.M. 87102
(50) 792-4048

I hereby certify that a true
and correct copy of the foregoing
was e-mailed via CM/ECF
to AUSA John Anderson
on this _2nd_ day of June, 2010.

Electronically filed on 5/31/10
Erlinda O. Johnson
Attorney at Law