IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
          Plaintiff,

vs.                                                                         09 CR 3207 JB

DAVID AGUILAR,
          Defendants.

## MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY AND/OR IN THE ALTERNATIVE FOR DAUBERT HEARINGS

COMES NOW defendant, David Aguilar by and through his counsel of record, Erlinda O. Johnson, and hereby respectfully moves this Court, pursuant to the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, Rules 401, 402, 403 and 702 of the Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), for an order excluding and/or limiting the proposed testimony of Special Agent Sonya Chavez. In support thereof, Mr. Aguilar states as follows:

       1. On May 28, 2010, the government filed its notice of intent to introduce expert testimony. In its notice, the government disclosed that it intends to call Federal Bureau of Investigation (FBI) Agent Sonya Chavez to testify regarding various drug trafficking practices. While the government provided a brief summary of Agent Chavez's experience, it did not provide the bases for the opinions she will be expressing at trial.

The government's proposed areas of testimony fail to list Agent Chavez's specific opinions and the bases for her opinions in this case. The summary provided in the government's notice (Doc. 78) is insufficient and besides a general statement that states

that Agent Chavez's opinion is based on her training experience and education, the notice fails to disclose the actual bases for her opinions, in this case.

2. A determination must be made as to whether the proposed testimony relates to scientific, technical or specialized knowledge and whether said testimony will assist the trier of fact in understanding a fact in issue. *Goebel v. Denver and Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir.2000). The trial court is required to assess the reasoning and methodology underlying opinions on these matters and determine its validity. *Id.* The testimony must have a reliable foundation and be relevant to the task at hand. *Id.* As to Agent Chavez, the government has failed to make such a showing, and Mr. Aguilar hereby requests this Court either exclude the proposed testimony or hold a hearing pursuant to *Daubert* to determine the qualifications of these proposed experts.

3. Defendant notes that besides the general notice in document 78, he has not received documentation of the bases and reasons for the proposed expert's opinions as required by Rule 16(a)(1)(G) of the Rules of Criminal Procedure. Accordingly, unless and until such documentation is received, defendant request this Court exclude the proposed expert testimony pursuant to Rule 16(d)(2)(C) of the Rules of Criminal Procedure.

4. Furthermore, Mr. Aguilar object to the foregoing proposed experts for the reasons set forth below.

**I. Special Agent Sonya Chavez**

Mr. Aguilar understands that Agent Gooch will testify as an expert concerning the quantity of cocaine in question, specifically that it is a distributable amount as opposed to

a personal use amount, and to quantify the monetary value of the seized cocaine in New Mexico, practices of drug traffickers in conducting transactions with associates and possession of firearms in relation to drug trafficking. Mr. Aguilar challenges Special Agent Chavez's qualifications as an expert on personal versus distributable amounts of narcotics generally, and cocaine specifically, and as an expert in quantifying cocaine.

Mr. Aguilar also challenges Special Agent Chavez's qualifications as to the duties of different individuals involved in a narcotic trafficking scheme, and a general overview of the business aspects of a narcotic trafficking scheme" and "the means and methods used by persons and drug trafficking organizations to purchase and distribute drugs and the role of firearm in those transactions.

Accordingly, the foregoing proposed expert testimony is irrelevant, and thus excludable under Rule 402, as well as being improper expert testimony excludable under Rule 702. *See Goebel,* 215 F.3d at 1087 (expert testimony must be relevant and have a reliable foundation); *Eastridge v. Development Co. v. Halpert Assoc., Inc.,* 853 F.2d 772 (10th Cir.1988)(proposed expert testimony of a tentative or speculative nature is properly excluded).

The defense believes that the Government also proposes Special Agent Chavez testify as to previous investigations in which she was involved. However, evidence on drug operations and those connected should be confined to the persons and acts which can be tied directly to the operation in which a defendant is charged because the other matters are irrelevant and likely prejudicial. *United States v. Echavarria-Olarte,* 904 F.2d 1391, 1397 (9th Cir. 1990) (holding testimony relating to a drug cartel in which

defendant was involved inadmissible as far as that which did not bear squarely on the plot charged).

Such testimony will be severely prejudicial because it will implicitly associate Mr. Aguilar with drug distribution conspiracy cases. *See Id.* 904 F.2d at 1398. Because of this prejudicial impact, similar act evidence is relevant only if the jury can reasonably conclude the act occurred and the defendant was the actor. *See United States v. Cardall*, 885 F.2d 656 (10th Cir. 1989). When the Government seeks to introduce evidence of other bad acts, such as specific items of evidence or characteristics of other drug trafficking, there must be a reasonable indication in the record that the Defendant was a party to the bad acts sought to be brought in against him. *Id.* In *Cardall,* the Tenth Circuit found evidence of bad acts of other associates of the defendant (rather than unassociated persons as is proposed in this case) irrelevant, and thus excluded the testimony because it was significantly prejudicial. *Id.*, 885 F.2d at 672.

Furthermore, proposed testimony as to information gathered from previous investigations crosses the line into profile evidence. There is a very fine line between improper profile evidence and acceptable specialized testimony. *United States v. Becker*, 230 F.3d 1224, 1231 (10th Cir. 2000). In this case, the Government may seek to introduce the opinion of law enforcement as to characteristics of an individual engaged in drug trafficking, a specific illegal activity. Such testimony is improper. *See United States v. Robinson*, 978 F.2d 1554, 1563 (10th Cir. 1992).

The problems associated with proposed expert testimony are exacerbated because, although the Government seeks to offer the testimony to explain the investigation and the

significance of other evidence, it goes precisely to issues the government is required to prove, thus taking it out of the confines of permissible expert testimony. *Becker*, 230 F.3d at 1229.

Moreover, the defense anticipates the government will be calling other witnesses. The defense requests this Court direct the government to disclose any *Jencks Act*, 18 U.S.C. § 3500, material as to these witnesses and any information pursuant to *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972), that may exist as to these witnesses.

Wherefore, for the foregoing reasons Mr. Aguilar respectfully moves this court for an order excluding the testimony of the government's proposed expert witness or in the alternative for a *Daubert* hearing.

Respectfully Submitted,

/s/ Electronically filed 6/2/10
By: Erlinda Ocampo Johnson
1011 Lomas N.W.
Albuquerque, NM 87102
(505) 792-4048

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2010, I filed the foregoing electronically through the CM/ECF system, which caused Counsel for the Plaintiff to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

John Anderson
Assistant United States Attorney
United States Attorney's Office
P.O. Box 607
Albuquerque, NM 87103

Respectfully Submitted,

/s/ Electronically filed 6/2/10
By: Erlinda Ocampo Johnson
1011 Lomas N.W.
Albuquerque, NM 87102
(505) 792-4048