IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
                         Plaintiff,

vs.                                                  No. CR 09-3207 JB

DAVID AGUILAR,
                         Defendant.

## MOTION IN LIMINE TO EXCLUDE OPINION TESTIMONY
## BY GOVERNMENT WITNESSES ON ULTIMATE LEGAL ISSUE

COMES NOW, David Aguilar, through his counsel of record, Erlinda O. Johnson, Esq., and hereby moves this Court for an order precluding the government from introducing opinion testimony from any of their witnesses on the ultimate legal issue of knowledge, and in support thereof submit the following:

## INTRODUCTION

In October 2009, officers with The Middle Rio Grande Valley Narcotics Task Force ("task force") initiated an investigation into allegations of narcotics trafficking by Anthony Mirabal. According to task force officers, a confidential informant advised them that Mr. Mirabal was engaged in cocaine trafficking. Officers utilized the confidential informant (CI) to set up a purchase of approximately two kilograms of cocaine, from Mr. Mirabal.

On October 15, 2009, a confidential informant met with Mr. Mirabal in order to consummate the sale of the two kilograms of cocaine. The informant was present at all times during the drug transaction. In fact, the deal allegedly occurred inside the informant's home. Also, present in the home and during the time Mr. Mirabal met with

the CI were co-defendants David Aguilar and Kevin Garner. Mr. Mirabal met with the informant around a table in the home in order to consummate an alleged drug transaction. Shortly thereafter, officers entered the home and arrested the individuals therein. Officers allege that Mr. Aguilar ran from the home and was apprehended shortly thereafter.

## **ARGUMENT**

The government exceeds its bounds when it solicits testimony from their federal investigative agents about an ultimate legal issue to be decided by the jury. *See United States v. Gutierrez-Farias,* 294 f.3d 657 (5th Cir. 2002). In *Gutierrez-Farias*, the Fifth Circuit held that the district court abused its discretion in allowing the government's agent to testify that people who are hired to transport drugs have knowledge that they are transporting drugs because those directing the transport of drugs would not entrust such valuable merchandise to an unknowing or unwitting individual. *See Id.* at 662. In other words, the district court erred in allowing the government's agent to testify that since most drivers know there are drugs in their vehicles, Mr. Gutierrez must have known too. *Id.* at 663.

In this case, it would be legal error for the Court to allow the government to present opinion testimony that people who conduct drug transactions generally bring associates with them for the purpose of protecting the transaction. This type of testimony should be excluded as it would constitute an opinion on the ultimate legal issue to be decided by the jury, i.e. whether defendant knew drugs were secreted in the trailer he was hauling.

Wherefore, for the foregoing reasons, defendant Aguilar respectfully requests this Court preclude the government from presenting opinion testimony on the ultimate legal issue, i.e. knowledge.

Respectfully Submitted,

Electronically filed on 6/2/10
Erlinda O. Johnson
Attorney for David Aguilar
1011 Lomas N.W.
Albuquerque, N.M. 87102
(505) 792-4048

I hereby certify that a true
and correct copy of the foregoing
was provided, electronically, to
opposing counsel of record via CM/ECF
on this _2nd_ day of June, 2010.

Electronically filed on 6-2-10
Erlinda O. Johnson
Attorney at Law