IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
         Plaintiff,

vs.                                                                              09 CR 3207 JB

DAVID AGUILAR,
         Defendants.

## RESPONSE TO MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SEARCH OF MR. AGUILAR'S HOME

COMES NOW, David Aguilar, through his counsel of record, Erlinda O. Johnson, Esq., and hereby responds to the government's motion in limine seeking to exclude evidence of a search of Mr. Aguilar's home, and in support thereof submit the following:

Introduction

In October 2009, officers with The Middle Rio Grande Valley Narcotics Task Force ("task force") initiated an investigation into allegations of narcotics trafficking by Anthony Mirabal. According to task force officers, a confidential informant advised them that Mr. Mirabal was engaged in cocaine trafficking. Officers utilized the confidential informant (CI) to set up a purchase of approximately two kilograms of cocaine, from Mr. Mirabal.

On October 15, 2009, a confidential informant met with Mr. Mirabal in order to consummate the sale of the two kilograms of cocaine. The informant was present at all times during the drug transaction. In fact, the deal allegedly occurred inside the informant's home. Also, present in the home and during the time Mr. Mirabal met with the CI were co-defendants David Aguilar and Kevin Garner. Mr. Mirabal met with the

informant around a table in the home in order to consummate an alleged drug transaction. Shortly thereafter, officers entered the home and arrested the individuals therein. Officers allege that Mr. Aguilar ran from the home and was apprehended shortly thereafter.

Immediately after officers arrested Messrs. Aguilar, Mirabal and Garner, Mr. Aguilar provided agents with consent to search his home located on the northwest area of Albuquerque. Agents subsequently searched Mr. Aguilar's home and did not find evidence of narcotics trafficking. The government now seeks to preclude the defense from introducing this critical part of law enforcement's investigation.

Argument

Federal rule of evidence 401 defines relevant evidence as,

> Evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed.R.Evid. 401. It is a fundamental and basic evidentiary principle that all relevant evidence is generally admissible. Fed.R.Evid. 402. Equally fundamental, is the right to present a defense. That right is anchored in the Fifth Amendment right to due process and the Sixth Amendment right to compulsory process. *United States v. Rodriguez-Felix, supra,* 450 F.3d at 1121. Because "few rights are more fundamental than that of an accused to present a defense," due process guarantees are implicated whenever the exclusion of evidence acts to obstruct this right. *Taylor v. Illinois,* 484 U.S. 400, 408 (1988).

However, the right to present a defense is not absolute and a defendant must abide by the rules of evidence. *United States v. Bautista, supra,* 145 F.3d at 1151-52, see also

2

*United States v. Solomon,* 399 F.3d 1231, 1239 (10th Cir. 2005).

Mr. Aguilar submits that evidence that officers searched his home immediately following his arrest for conspiracy to possess with the intent to distribute cocaine is relevant to his defense. The government can not be allowed to select aspects of the investigation that are more favorable to it and hide from the jury evidence that tends to support Mr. Aguilar's defense that he was not involved in a conspiracy.

The government's contention that evidence of the search of Mr. Aguilar's home constitutes impermissible evidence pursuant to Rule 404(b), is simply wrong. This type of evidence is relevant and constitutes evidence tending to show lack of involvement in a conspiracy. This evidence goes to the heart of the defense Mr. Aguilar has a fundamental constitutional right to present.

Evidence of the search is also relevant as it was part of the investigation conducted immediately after the arrest. Presumably officers were looking for items tending to establish a conspiracy to possess or distribute drugs, such as drug ledgers, scales, money etc. The fact that officers failed to find the foregoing items does not render the search irrelevant and inadmissible. To the contrary, this evidence is relevant and critical to Mr. Aguilar's defense and thus must be admitted by the Court.

Wherefore, for the foregoing reasons Mr. Aguilar respectfully requests this Court deny the government's motion in limine to exclude evidence of a law enforcement search of Mr. Aguilar's home.

    Respectfully Submitted,

    Electronically filed on 6/15/10
    Erlinda O. Johnson

Attorney for David Aguilar
1011 Lomas N.W.
Albuquerque, N.M. 87102
(505) 792-4048

I hereby certify that a true
and correct copy of the foregoing
was provided, electronically, to
opposing counsel of record via CM/ECF
on this _15th_ day of June, 2010.

Electronically filed on 6-15-10
Erlinda O. Johnson
Attorney at Law