UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
                Plaintiff,

v.                                                Case No. CR 09-3207 JB

DAVID AGUILAR,
KEVIN GARNER,
ANTHONY MIRABAL,
                Defendants.

## SECOND MOTION TO SEVER DEFENDANTS

COMES NOW, David Aguilar by and through his counsel of record, Erlinda O. Johnson, Esq., and pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rule 14 of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court to sever Mr. Aguilar's trial from the trial of his co-Defendants, Anthony Mirabal and Kevin Garner. In support of this Motion counsel for Mr. Aguilar submits the following:

### *Introduction*

On November 4, 2009 2009, Mr. Aguilar and co-defendants, Anthony Mirabal and Kevin Garner, was indicted for possession with intent to distribute more than 500 grams of cocaine, carrying a firearm in relation to a drug trafficking crime and conspiracy to possess with the intent to distribute more than 500 grams of cocaine. The indictment stems from an October 15, 2009, arrest which involved the sale of approximately two kilograms of cocaine to an informant and an undercover officer.

The evidence against Mr. Aguilar consists of his presence at a home where a narcotics transaction was taking place and of his flight from the home when officers stormed the home to

arrest the individuals. In February 2010, Mr. Aguilar moved this Court for an order severing the defendants. The Court denied the motion without prejudice.

During the week of July 12, 2010, Mr. Mirabal, through counsel, advised counsel for co-defendants that Mr. Mirabal would testify at trial on behalf of Messrs. Garner and Aguilar in order to exonerate them from any wrongdoing. The government was served with the proffer submitted by Mr. Mirabal's counsel. Since Mr. Mirabal would now be testifying at a trial on behalf of Messrs. Aguilar and Garner, a severance of defendants is required.

## **ARGUMENT**

Federal Rule of Criminal Procedure 8(b) provides that two or more defendants may be tried jointly "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting any offense or offenses." Fed. R. Crim. P. 8(b). The interests of justice are served in having a joint trial of defendants who are indicted together and are alleged to have participated mutually in charged offenses. *See United States v. Jenkins*, 904 F.2d 549, 557 (10th Cir. 1990). Judicial economy is one of the main justifications behind the preference for joint trials. *See Zafiro v. United States*, 506 U.S. 534, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993).

A court, however, may order separate trials if the joinder of defendants appears to prejudice a defendant. *See* Fed. R. Crim. P. 14(a). The decision whether to grant severance lies within the discretion of the trial court. *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994). In exercising its discretion, a court "must weigh prejudice to the defendant caused by joinder against the considerations of economy and expedition in judicial administration. *Id.* at 1140 (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979))(citation and internal quotations omitted). A district court should grant a severance under Rule 14 if there is a

serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. *See United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007); *United States v. Pursley,* 474 F. 3d 757, 765 (10th Cir. 2007).

> **I.** **The testimony of co-defendant Mirabal is exculpatory to Messrs. Aguilar and Garner, thereby requiring a severance.**

A severance may be granted when a defendant needs the testimony of a co-defendant. *See United States v. Rogers*, 925 F.2d 1285, 1287 (10th Cir. 1991) (citing *United States v. McConnell*, 749 F.2d 1441, 1445 (10th Cir. 1984)). In deciding whether a co-defendant's testimony requires separate trials, the courts will consider the following factors: 1) the likelihood that the defendant will actually testify; 2) the significance of the testimony in relation to the defendant's theory of defense; 3) the exculpatory nature of the testimony; 4) the likelihood that the co-defendant's testimony will be impeached; 5) the extent of prejudice caused by the absence of the testimony; 6) the effect of a severance on judicial administration and economy; and 7) the timeliness of the motion. *Id.*

Messrs. Aguilar and Garner intend to call their co-defendant, Anthony Mirabal, to establish they were not involved in the charged drug transaction. Mr. Mirabal would testify that Messrs. Garner and Aguilar were merely present in a third person's home during Mr. Mirabal's transaction. Mr. Aguilar satisfies all of the *McConnell* factors. Mr. Mirabal has represented, through his counsel, that he would testify on behalf of Messrs. Aguilar and Garner. Separate trials are therefore necessary to allow Mr. Aguilar to offer exculpatory co-defendant testimony.

## II. Mr. Aguilar's Trial Should Be Severed Because of the Introduction of Other Evidence Against His Co-Defendant Which Would Be Inadmissible in a Separate Trial.

Severance of criminal trials is mandated where compelling evidence that is not admissible against one defendant is to be introduced against a co-defendant. *United States v. Blankenship*, 382 F.3d 1110 (11th Cir. 2004). This is especially a concern where harmful evidence is to be introduced against one defendant which could overwhelm the *de minimus* evidence against the co-defendants. *Ibid,* citing *United States v. Sampol,* 636 F.2d 621 (D.C. Cir. 1980) (mandating severance where limiting instructions "could not provide their intended protection against prejudice").

"Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant . . . is sufficient to warrant severance." *United States v. Hack,* 782 F.2d 862, 870-71 (10th Cir. 1986). However, a severance is necessary where the charges against one defendant are only peripherally related to the ongoing scheme alleged against the other co-defendants. See, e.g., *United States v. Erwin,* 793 F.2d 656, 666 (5th Cir. 1986). In these circumstances a District Court should grant a severance any time the inadmissible evidence is so convincing that not even a limiting instruction can cure the potential prejudice. Thus, "prejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a 'prejudicial spillover effect.'" *United States v. Hively,* 437 F.3d 752, 765 (8th Cir. 2006), citing *United States v. Mickelson,* 378 F.3d 810, 817 (8th Cir. 2004).

"The presumption that a jury will adhere to a limiting instruction evaporates where there is an overwhelming probability that the jury will be unable to follow the court's instruction and the evidence is devastating to the defense." *United States v. Jones,* 16 F.3d 487, 493 (2nd Cir. 1994), see also *United States v. Baker*, 98 F.3d 330 (8th Cir. 1996). Although a limiting instruction may be sufficient in most cases to cure any unfair prejudice, "if the evidence creates an unacceptably high inference of wrongdoing against another defendant, the district court should exclude the evidence or severe the trials." *United States v. Briscoe,* 896 F.2d 1476, 1498 (7th Cir. 1990). Under these cases, "the better course of action is to have separate trials in order to confine such powerful evidence to the defendants against whom it may properly be used." *United States v. Blankenship, supra,* 382 F.3d at 1124.

A severance of Mr. Aguilar's trial is essential in order to avoid the inevitable prejudice to Mr. Aguilar which will result when the Government introduces 404(b) evidence which would otherwise be inadmissible against Mr. Aguilar in a separate trial. The extreme disparity in the evidence which will depict co-Defendant Mirabal as being the subject of a long standing investigation.

The 404(b) evidence also includes information regarding alleged possession of firearms by co-defendants and the agents' representations that they had been investigating Mr. Mirabal for some time. There is no evidence Mr. Aguilar was involved in or participated in any drug transactions or firearm possession.

Mr. Aguilar's's trial should be severed because a jury could not reasonably be expected to compartmentalize the evidence which will be offered by the Government against co-defendant Mirabal. Even though it is clear that Mr. Aguilar was not

implicated in the ongoing investigation, it is equally obvious that the Government nevertheless seeks to tar Mr. Aguilar with the same broad brush. Therefore, under these circumstances, severance is mandated because the jury cannot reasonably be expected to com-partmentalize this inflammatory evidence, and the "spillover effect" of this prejudicial evidence will deprive Mr. Aguilar of his constitutional right to due process and a fair trial.

### III. The Sheer Volume of Evidence to Be Presented in a Joint Trial Will Prejudice Mr. Aguilar and Create the Risk of an Unreliable Verdict.

The "reliable judgment" exception to the presumption in favor of joint trials also applies in those narrow range of cases where the sheer number of defendants, or the massive volume of evidence, makes it nearly impossible for a jury to assess properly the guilt or innocence of each defendant. *United States v. Blankenship, supra,* 382 F.3d at 1124. Consequently, "a defendant satisfies the compelling prejudice requirement by showing that the jury [will be] unable to sift through the evidence and make an individualized determination as to each defendant." *United States v. Cassano*, 132 F.3d 646, 651 (11th Cir. 1998). As the court eloquently noted in *United States v. Gallo,* 668 F.Supp. 736, 753 (E.D.Ny. 1987):

> "This case is far too extensive and intricate to expect that a jury would be able to discern the myriad of subtle distinctions and mental gyrations that would be required by the inevitable plethora of limiting instructions [that will be] necessary. And even where jurors would at first attempt to heed the judge's admonitions, they could hardly be expected to retain such precise discriminations weeks and months down the line, when they retire to deliberate on the basis of a warehouse of diverse evidence."

The sheer scale of a joint trial in this case weighs in favor of a severance. A severance of Mr. Aguilar's trial from the trial of his co-Defendants is necessary because a

6

joint trial would be unduly prolonged, burdensome and prejudicial. In particular, the volume of the potential evidence will inevitably result in undue prejudice to Mr. Aguilar. Therefore, the case to be presented in a joint trial creates such an unacceptable risk of jury confusion that Mr. Aguilar's trial should be severed from his co-Defendants.

> **IV. A Joint Trial Will Prejudice Mr. Aguilar by Preventing an Individualized Consideration of His Innocence.**

In *Zafiro* the United States Supreme Court determined that severance is required if a joint trial will compromise a specific trial right of one of the defendants. *Zafiro v. United States, supra,* 506 U.S. at 539. Severance is particularly appropriate where the position of one defendant is significantly different from the other defendants. *United States v. Blankenship, supra,* 382 F.3d at 1125.

Each defendant in a criminal trial is entitled to a fair consideration of his own defense, even when there are multiple co-defendants in the case. *United States v. Cooley,* 1 F.3d 985, 997 (10th Cir. 1993). Instead, the requirement that guilt or innocence be determined individually is an essential component of both due process and the right to a jury t. *Ibid*, see also *United States v. Edwards,* 69 F.3d 419, 434 (10th Cir. 1995). Thus, a jury in a criminal trial has an essential obligation to give separate and individual consideration to the evidence as it relates to each individual and not consider any evidence solely admitted against a co-defendant. *Id.* At 434-435.

Mr. Aguilar respectfully submits that, because of the evidence against co-defendant Mirabal, it will be virtually impossible for him to receive the individualized consideration of the pending charge against him which is required by the United States Constitution.

WHEREFORE, for the foregoing reasons David Aguilar's trial should be severed from that of codefendants Anthony Mirabal and Kevin Garner. If a joint trial occurs between Mr. Aguilar and co-defendants, Mr. Aguilar's Sixth Amendment Confrontation Clause rights will be violated, and it will not be possible for him to receive a fair trial.

                              Respectfully Submitted,

                              __electronically filed 7/22/10_____
                              Erlinda O. Johnson
                              Attorney for David Aguilar
                              1011 Lomas N.W.
                              Albuquerque, N.M. 87102
                              (505) 792-4048

I hereby certify that a true and correct
Copy of the foregoing was provided
To counsel for the government and counsel for co-defendants,
 via CM/ECF this 22nd day of July, 2010.

_____/s/_____
Erlinda O. Johnson
Attorney at Law