IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
                        Plaintiff,

vs.                                                 No. CR 09-3207 JB

DAVID AGUILAR,
                        Defendant.

## MOTION IN LIMINE TO EXCLUDE
## INTRODUCTION OF OTHER ALLEGED BAD ACT EVIDENCE[1]

COMES NOW, David Aguilar, through his counsel of record, Erlinda O. Johnson, and hereby moves this Court for an *in limine* order excluding the introduction of other alleged bad act evidence and in support thereof submits the following:

1. On October 15, 2009, Mr. Aguilar was arrested for conspiracy to possess with the intent to distribute more than 500 grams of cocaine.

2. After the arrest, officers conducted a search at Mr. Aguilar's home. While officers did not find any evidence of drug trafficking, they did find a motorcycle, in the garage, which officer's learned was stolen.

3. Introduction of prior misconduct evidence is so prejudicial that as a practical matter, courts usually demand that the evidence have substantial logical relevance to be admissible. C. McCormick, *Handbook of the Law of Evidence* § 190 (4th ed. 1992). The government bears the burden of proving that the probative value of the

---

[1] Counsel For Mr. Aguilar had not filed this motion in limine because the Court had not yet ruled on the government's motion to exclude evidence of the search of Mr. Aguilar's home. However, since the Court has now ruled on that motion, the defense now files the instant motion.

evidence outweighs its prejudicial character. *See United States v. Herrera-Medina*, 609 F.2d 376 (9th Cir. 1979).

    4.    Evidence that officers found a stolen motorcycle in Mr. Aguilar's garage is irrelevant to the charges herein as it does not bear any logical relation to any fact of consequence in the instant offense. *See* Fed.R.Evid. 401. The evidence is also inadmissible under Federal Rules of Evidence 609, 608 and 403. The stolen motorcycle in Mr. Aguilar's garage involves alleged misconduct that has not yet been proven or resulted in a criminal charge or conviction. Its introduction at trial, here, would be unduly prejudicial.

    5.    Evidence of other crimes, wrongs or acts is admissible only for limited purposes and only when various prerequisites are satisfied. Fed.R.Evid. 404(b); *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985). Because evidence of "other crimes" requires a defendant to defend against past actions and tends to show that the defendant is "generally bad," *United States v. Burkhart,* 458 F.2d 201, 204 (10th Cir. 1972), the Tenth Circuit has long urged trial courts to determine that the proffered evidence:

> (1) tends to establish intent, knowledge, motive, identity, or absence of mistake or accident;
>
> (2) is so related to the charged offense that it serves to establish intent, knowledge, motive, identity, or absence of mistake or accident;
>
> (3) has real probative value and not just possible worth;
>
> (4) is close in time to the crime charged; and,
>
> (5) even if relevant, be excluded if the probative value is substantially outweighed by the danger of unfair prejudice.

*See Kendall,* 766 F.2d at 1436.

6. Finally, "[t]here must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried." *United States v. Biswell*, 700 F.2d 1310, 1317-18 (10th Cir. 1983). If the past offense bears no logical connection to the instant offense, it is properly excluded.

7. Evidence of a stolen motorcycle found in Mr. Aguilar's garage should be excluded as it would result in undue prejudice against Mr. Aguilar.

Wherefore, for the foregoing reasons, Mr. Aguilar respectfully requests this Court exclude evidence of the discovery of a stolen motorcycle in Mr. Aguilar's garage.

Respectfully Submitted,

Electronically filed on 8/2/10
Erlinda O. Johnson
Attorney for David Aguilar
1011 Lomas N.W.
Albuquerque, N.M. 87102
(505) 792-4048

I hereby certify that a true
and correct copy of the foregoing
was provided, electronically, to
opposing counsel of record via CM/ECF
on this _2nd_ day of August, 2010.

Electronically filed on 8/8/10
Erlinda O. Johnson
Attorney at Law